UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ESTEBAN HERNANDEZ,

Petitioner,

v.

JO GENTRY, et al.,

Respondents.

Case No. 2:16-cv-02345-GMN-GWF

ORDER

Petitioner Esteban Hernandez has submitted what he styled as a petition for a writ of mandamus (ECF No. 1-1). He paid the filing fee, and therefore his application to proceed *in forma pauperis* shall be denied as moot.

Hernandez argues that the state district court abused its discretion in sealing a portion of the negotiations related to his state judgment of conviction for first-degree murder pursuant to a guilty plea. He asserts that the state district court and defense counsel colluded during plea negotiations in violation of his Fourteenth Amendment due process rights. This claim implicates Hernandez's conviction and/or sentence, and therefore, it sounds in federal habeas corpus. 28 U.S.C. § 2254(a). Indeed, while Hernandez has tried to re-formulate this claim here, he has previously raised it in two federal habeas petitions. 28 U.S.C. § 2244(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Where a petition has been dismissed with prejudice as

1

untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244. *McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

On April 27, 2004, this court dismissed Hernandez's first petition challenging this judgment of conviction with prejudice as procedurally barred, and judgment was entered (2:03-cv-01008-KJD-RJJ, ECF Nos. 9, 10). The Ninth Circuit Court of Appeals affirmed this court's order on March 23, 2005 (2:03-cv-01008-KJD-RJJ, ECF No. 16). Moreover, on June 25, 2014, this court dismissed Hernandez's second federal habeas petition challenging this judgment of conviction as second and successive (2:12-cv-02003-JCM-PAL, ECF No. 27). This current action, therefore, is actually a second or successive habeas corpus petition. *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005). Petitioner was required to obtain authorization from the Ninth Circuit Court of appeals before he could proceed with a second or successive petition. 28 U.S.C. § 2244(b)(3). Hernandez has not demonstrated that he obtained such authorization. Accordingly, this petition shall be dismissed with prejudice as a second and successive federal habeas petition.

Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Clerk shall **DETACH** and **FILE** the petition (ECF No. 1-1).

**IT IS FURTHER ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's motion for status check (ECF No. 6) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the petition is **DISMISSED** with prejudice as a successive petition.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

**IT IS FURTHER ORDERED** that the Clerk shall electronically serve the petition, along with a copy of this order, on respondents. No response by respondents is necessary.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED: 6 November 2017.

GLORIA M. NAVARRO, CHIEF JUDGE
UNITED STATES DISTRICT COURT